RAYMOND *v.* BOYD.

Opinion delivered July 8, 918.

TRUST—JURISDICTION OF EQUITY.—Where, pending a will contest, trustees appointed to carry into effect the provisions of the will creating a trust applied to chancery for instruction to defend the will in the contest and to incur necessary expenses in doing so, and subsequently the contest was sustained and the will declared invalid, the chancery court has no jurisdiction to allow the trustees attorney's fees or compensation for their services as trustees, since the jurisdiction to enforce the trust failed when the will was declared invalid.

Appeal from Sebastian Chancery Court, Fort Smith District; *W. A. Falconer,* Chancellor; reversed.

*Ira D. Oglesby,* for appellant.

1.   The chancery court had no jurisdiction nor authority to make the order. It was void. There was no trust. The estate was not liable for attorneys' fees, trustees' fees, costs, nor expenses. 125 Ill. 64; 104 *Id.* 64; 53 S. W. 197; 66 N. J. L. 37; 177 Ill. 82; 76 N. W. 418; 120 Cal. 447; 52 Pac. 804; 134 Mass. 240; 163 Pa. St. 35; 62 N. W. 557; 60 *Id.* 843; 112 Cal. 447; 76 N. W. 418; 18 Pac. 499.

2.   When the order was made the will had been vacated and the property belonged to appellant. If there were any costs, they should have been allowed in the probate court. The contestants and trustees should pay their own attorneys' fees and expenses. The chancery court had no jurisdiction to make the allowance. 110 Ark. 468; Woerner on Adm. etc., § § 516-17; 2 *Id.* 529.

*Hill, Fitzhugh & Brizzolara,* for appellees.

The trustees defended the trust, employed counsel and incurred expenses and costs. The chancery court had jurisdiction and properly made the order of allowance. 2 Perry on Trusts, § § 474, 476; 1 *Id.* § 433; 2 Beach on Trusts, etc., § 463; 97 Ark. 588; 110 *Id.* 468; 2 Perry on Trusts, § 891; Page on Wills, § 345; 81 Ky. 329; 74 Iowa, 358; 32 Neb. 191; 98 Tenn. 330; 3 Wash. C. C. 122; 4 Gill 55; 113 U. S. 340; 76 N. W. 418. Trustees are entitled to compensation. 2 Perry on Trusts, § 917; 2 Beach on Trusts, etc., § 735; Remsen on Wills, 334-5.

McCULLOCH, C. J. E. C. Brogan, a citizen of Sebastian County, died in the year 1910, leaving an instrument purporting to be his last will and testament whereby he devised and bequeathed his large estate, consisting of property both real and personal, to his daughter, Mary F. Raymond, with contingent remainder over to her issue, if any survived her and attained the age of twelve years, and, if none, then to trustees for certain charitable purposes. Three executors were named, who were also designated as trustees under the will. Mrs. Raymond in-

stituted a contest, and while the cause was pending in the circuit court she entered into an agreement with the trustees, acting under the directions of the chancery court, to compromise the suit on the terms then agreed upon. The trustees filed their petition in the chancery court for advice and directions concerning the consummation of the compromise which was by decree of the chancery court duly approved.

The charity specified in the will was the establishment of a college for young men under the direction of the Roman Catholic church with the approval of the bishop of the diocese. The Catholic bishop objected to a confirmation of the settlement, and he was made a party to the chancery proceedings, and prosecuted an appeal to this court. We decided on that appeal that the chancery court had no jurisdiction to render the decree, and we reversed the same with directions to dismiss the petition of the trustees. *Morris* v. *Boyd,* 110 Ark. 468. The will contest was then reinstated and proceeded to a final judgment in the circuit court sustaining the contest and declaring the will to be not the will of Brogan. In the meantime the trustees had applied to the chancery court for directions concerning the contest of the will, and that court had entered an order directing them to defend the will in the contest, and to incur the necessary expenses in doing so. No appeal was prosecuted from that order. The judgment in the will contest case was appealed to this court and was affirmed, the appeal being prosecuted by the Catholic bishop. *Morris* v. *Raymond,* 132 Ark. 450. Thereupon the trustees presented their petition to the chancery court for an allowance of attorneys' fees as expenses of the will contest and also an allowance of compensation to the trustees themselves for their services. The chancery court allowed the sum of $1,000 as attorneys' fees in addition to the sum of $500 already paid, and also allowed the trustees the sum of $1,000 as compensation for themselves for their services, and declared both sums liens on the estate.

Mrs. Raymond was the sole heir at law of E. C. Brogan, and she has prosecuted this appeal from the decree of the chancery court just referred to.

The authorities cited in support of the court's ruling relate to the duty of executors to defend the will of a decedent and the right of the probate court to allow them their atorneys' fees and compensation for their services while handling the estate, but none of them reach to the question of the jurisdiction of the chancery court to take control of the trust estate during the pendency in the probate court of a contest over the will which created the trust and to charge the estate with expenses incurred by the trustees. In fact, we are unable to find any authorities which tend to sustain the jurisdiction of the chancery court to make such a decree, and we think that the case of *Morris* v. *Boyd, supra,* conclusively decides that the chancery court is without jurisdiction. In that case we said: "No trust was created except upon a definite failure of issue of the testator's daughter, and unless the will is valid no trust can ever arise. The question of the validity of the will purporting to create the trust rests upon the decision of another court of exclusive jurisdiction. It is not contended that the court of equity has jurisdiction over the contest of a will, nor is there any ambiguity in the terms of the instrument which calls for construction. This proceeding merely involves a compromise of the will contest by the contesting heirs and the trustees, whereby the estate is to be divided according to their judgment; and the court's approval or authority with respect to that compromise is sought."

If the court had no jurisdiction to authorize trustees to compromise the contest and divide the estate, which was entirely dependent upon the validity of the will, then it necessarily follows that, since the will had been broken and was as if it had never been executed, the court had no jurisdiction to incumber the property with a charge for the expenses of the contest or for the services of the

trustees.  There being no valid will, no trust was ever created, and the property became vested in Mrs. Raymond as the sole heir of the decedent immediately upon his death.

We have no question presented here of the authority of the executor under the direction of the probate court to resist the contest of the will and to pay the expenses of the contest out of the estate under his control.  It is conceded that the individuals who acted as executors were allowed their statutory commissions on the estate which they administered, but the question presented here is whether the chancery court had jurisdiction, under the guise of administering a trust, to charge the expenses of a contest against the property of the heirs.  Chancery courts have jurisdiction to enforce trusts, but no authority to create them; and when it turns out that a will or other instrument which creates a trust has no legal existence, then the jurisdiction of chancery to enforce the trust fails.  We think that there is no such jurisdiction in the chancery court, and that this necessarily follows from the decision in *Morris* v. *Boyd, supra.*

The decree is, therefore, reversed and the cause remanded with directions to dismiss the petition.

HART and HUMPHREYS, JJ., dissent.